Case 1:19-cv-03023-AJN   Document 31   Filed 05/27/20   Page 1 of 10

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/27/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Gold Medal Produce, Inc., et al.,

                Plaintiffs,

      –v–

KNJ Trading Inc., et al.,

                Defendants.

19-cv-3023 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

On July 15, 2019, Plaintiffs Gold Medal Produce, Inc., Rubin Bros. Produce Corp., A.J. Trucco, Inc., Leeloi Industries, Inc., and Best Tropical Island, Inc. filed a motion for default judgment against Defendants KNJ Trading Inc. and Byung Soo Kang. *See* Dkt. No. 23. For the reasons that follow, Plaintiffs' motion is GRANTED in part, and the Court enters judgment as to Defendants' liability. The Court RESERVES JUDGMENT as to the amount of damages.

**I.    BACKGROUND**

On April 4, 2019, Plaintiffs filed a Complaint against Defendants, which they amended on April 17, 2019. *See* Dkt. Nos. 1, 10. The Amended Complaint alleges, among other claims, breaches of the trust provision of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c), which "creates a trust in favor of the seller of perishable agricultural commodities and their proceeds upon receipt by the buyer, pending full payment." *A & J Produce Corp. v. Harvest Produce Corp.*, No. 16-cv-7239 (LTS), 2017 WL 3668995, at *1 (S.D.N.Y. Aug. 24, 2017); *see also* 7 U.S.C. § 499e(c). According to the Amended Complaint,

1

all Plaintiffs sold and delivered perishable agricultural commodities to Defendants for which Defendants have refused to pay despite repeated demands.  *See* Am. Compl. (Dkt. No. 10) ¶¶ 15; 35; 55; 75; 95.

Defendants were served with the Complaint on April 22, 2019, *see* Dkt. Nos. 13, 14, and with the Amended Complaint on April 29, 2019, *see* Dkt. Nos. 15, 16.  Neither Defendant appeared or responded to the Amended Complaint, and on July 2, 2019, Plaintiffs requested the entry of a default against Defendants.  Dkt. Nos. 20, 21.  A certificate of default was entered by the Clerk of Court on July 3, 2019.  Dkt. No. 22.  On July 15, 2019, Plaintiffs moved for default judgment against Defendants.  Dkt. No. 23.  Plaintiffs subsequently served the motion for default judgment on Defendants and filed proof of that service on the public docket.  Dkt. Nos. 26, 27.

## II.   DISCUSSION

Federal Rule of Civil Procedure 55 sets out a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default, and the entry of a default judgment.  *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).  The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff."  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); *see* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

"The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)."  *Mickalis Pawn*

*Shop*, 645 F.3d at 128.  Rule 54(c) states, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).

### A. Liability

On a default judgment motion, the defendant is deemed to have admitted all of the well-pleaded factual allegations contained in the complaint.  Fed. R. Civ. P. 8(b)(6); *S.E.C. v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013).  However, "because a party in default does not admit conclusions of law," it is incumbent upon the Court to consider whether the plaintiff has pleaded facts sufficient to establish the defendant's liability with respect to each cause of action.  *See Zhen Ming Chen v. Y Café Ave B Inc.*, No. 18-cv-4193 (JPO), 2019 WL 2324567, at *1 (S.D.N.Y. May 30, 2019).  The legal sufficiency of these claims is analyzed under the familiar plausibility standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), aided by the additional step of drawing inferences in the movant's favor, *Belizaire v. RAV Investigative & Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014).

Plaintiffs allege that Defendants are liable under § 499e(c) of PACA for refusing to pay for the produce they purchased from Plaintiffs.  *See* Am. Compl. ¶¶ 11–30; 31–50; 51–70; 71–90; 91–110; *see also id.* ¶¶ 151–55; 156–60; 161–65; 166–70; 171–75.[1]  "Congress enacted

---

[1] Though Plaintiffs assert various other claims in their Amended Complaint, all claims arise from and seek damages for the same conduct under PACA.  Because the Court finds liability under PACA for breaches of trust as set forth below, "the Court need not address Plaintiff[s'] alternative claims."  *See A & J Produce Corp.*, 2017 WL 3668995, at *3 n.3 (concluding that the court need not address plaintiff's alternative claims for failure to pay for goods sold and breach of contract once it found liability on plaintiff's PACA trust claim); *Higueral Produce, Inc. v. CKF Produce Corp.*, No. 18-cv-6760 (NGG) (SJB), 2019 WL 5694079, at *14 n.10 (E.D.N.Y. Aug. 16, 2019) (finding award of damages for breach of trust on default judgment resolved all PACA claims pleaded in complaint), *report and recommendation adopted as modified*, No. 18-cv-6760 (NGG) (SJB), 2019 WL 5693798 (E.D.N.Y. Sept. 30, 2019).

3

PACA in 1930 to regulate the sale and marketing of produce in interstate commerce." *Am. Banana Co., Inc. v. Republic Nat. Bank of N.Y., N.A.*, 362 F.3d 33, 36 (2d Cir. 2004). Section 499e(c) provides sellers of perishable produce with "a self-help tool enabling them to protect themselves against the abnormal risk of losses resulting from slow-pay and no-pay practices by buyers or receivers of fruits and vegetables." *Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 705 (2d. Cir. 2007) (quoting *D.M. Rothman & Co. v. Korea Commercial Bank of N.Y.*, 411 F.3d 90, 93 (2d Cir. 2005)). Under this section, "a dealer of perishable commodities must hold the commodities themselves, or the proceeds from them, in a trust for the unpaid seller until full payment is made." *Higueral Produce, Inc.*, 2019 WL 5694079, at *4. It specifically provides that

> [p]erishable agricultural commodities received by a commission merchant, dealer, or broker . . . and any receivables or proceeds from the sale of such commodities . . . shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

7 U.S.C. § 499e(c)(2). "[T]he trust is formed at the moment the produce is shipped to the buyer and remains in effect until the seller is paid in full," *G & P Warehouse, Inc. v. Cho's Church Ave. Fruit Mkt.*, No. 15-cv-6174 (NG) (CLP), 2016 WL 5802747, at *4 (E.D.N.Y. Aug. 12, 2016) (quoting *Ger-Nis Int'l, LLC v. FJB, Inc.*, No. 07-cv-898 (RO), 2007 WL 656851, at *1 (S.D.N.Y. Mar. 1, 2007)), *report and recommendation adopted*, No. 15-cv-6174 (NG) (CLP), 2016 WL 5716819 (E.D.N.Y. Sept. 30, 2016), and it is "intended exclusively to benefit produce suppliers," *id.* (quoting *"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 242 (2d. Cir. 2006)). The "'fiduciary obligation under PACA' includes the duty 'to repay the full amount of the debt owed to the PACA beneficiary.'" *Higueral Produce, Inc.*, 2019 WL

4

5694079, at *5 (quoting *Taylor & Fulton Packing, LLC v. Marco Int'l Foods, LLC*, No. 09-cv-2614 (ILG), 2011 WL 6329194, at *5 (E.D.N.Y. Dec. 16, 2011)).

"To enforce payment from the trust, PACA beneficiaries may sue in an appropriate U.S. district court." *Am. Banana Co.*, 362 F.3d at 38. To recover proceeds from a PACA-created trust, Plaintiffs must demonstrate the following five elements:

> (1) the commodities sold were perishable agricultural commodities; (2) the purchaser of the perishable agricultural commodities was a commission merchant, dealer, or broker; (3) the transaction occurred in interstate or foreign commerce; (4) the seller has not received full payment on the transaction; and (5) the seller preserved its trust rights by giving written notice to the purchaser of its intention to[ ]do so.

*A & J Produce Corp.*, 2017 WL 3668995, at *3 (S.D.N.Y. Aug. 24, 2017) (quoting *Nico Mexi Food, Inc. v. Abarrotera Cent. #2 Wholesale, Corp.*, No. 14-cv-296 (KNF), 2016 WL 873466, at *3 (S.D.N.Y. Feb. 10, 2016)); *see also* 7 U.S.C. § 499a (defining terms).[2]

Plaintiffs' allegations establish all five elements here. First, they allege that between May and October 2018, they sold and delivered to KNJ perishable agricultural commodities. *See* Am. Compl. ¶ 12 (alleging that between August 28, 2018 and September 14, 2018, Gold Medal Produce sold and delivered to KNJ perishable agricultural commodities); *id.* ¶ 32 (alleging that between September 13, 2018 and September 18, 2018, Rubin Bros. Produce sold and delivered to KNJ perishable agricultural commodities); *id.* ¶ 52 (alleging that between May 22, 2018 and June 4, 2018, A.J. Trucco sold and delivered to KNJ perishable agricultural commodities); *id.* ¶ 72 (alleging that between August 29, 2018 and September 5, 2018, Leeloi Industries sold and delivered to KNJ perishable agricultural commodities); *id.* ¶ 92 (alleging that between August

---

[2] A "perishable agricultural commodity" includes "[f]resh fruits and fresh vegetables of every kind and character." 7 U.S.C. § 499a(b)(4). A PACA "dealer" is any "person engaged in the business of buying or selling in wholesale or jobbing quantities . . . any perishable agricultural commodity in interstate or foreign commerce." *Id.* § 499a(b)(6). And a "person" includes "individuals, partnerships, corporations, and associations." *Id.* § 499a(b)(1).

20, 2018 and October 4, 2018, Best Tropical Island sold and delivered to KNJ perishable agricultural commodities). While the Amended Complaint does not specify the nature of the commodities, the invoices Plaintiffs have submitted demonstrate that Plaintiffs sold KNJ a variety of fresh fruits and vegetables. *See* Dkt. No. 30-2 at 2–41 (Gold Medal Produce); *id.* at 42–50 (Rubin Bros. Produce); *id.* at 51–61 (A.J. Trucco); *id.* at 62–78 (Leeloi Industries); *id.* at 79–122 (Best Tropical Island); *see also Cent. Produce Corp. v. 32-18 M&M Corp.*, No. 17-cv-3841 (LDH) (RLM), 2018 WL 4327923, at *4 (E.D.N.Y. July 9, 2018) (considering invoices in determining whether complaint's allegations satisfied first element), *report and recommendation adopted sub nom. Cent. Produce Corp. v. 34-18 M&M Corp.*, No. 17-cv-3841 (LDH) (RLM), 2018 WL 4326925 (E.D.N.Y. Sept. 10, 2018). Second, the Amended Complaint alleges that KNJ was, at all relevant times, licensed as a dealer under PACA. Am. Compl. ¶ 8. A simple search of PACA licenses on the United States Department of Agriculture's website confirms that KNJ Trading Inc. has held a PACA license since May 19, 2016, *see* United States Department of Agriculture, *Welcome to PACA Search*, https://apps.mrp.usda.gov/public_search; *see also Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (holding that courts can take judicial notice of public records), and because it "was licensed under the provisions of PACA during the relevant time period, [KNJ] is a 'dealer'" for purposes of the statute, *see Double Green Produce, Inc. v. Forum Supermarket Inc.*, 387 F. Supp. 3d 260, 268 (E.D.N.Y. 2019). Third, the Amended Complaint alleges that Plaintiffs are New York corporations and KNJ is a New Jersey corporation. Am. Compl. ¶¶ 3–8. Furthermore, the invoices Plaintiffs have submitted list Plaintiffs' addresses in New York and KNJ's in New Jersey. *See* Dkt. No. 30-2 at 2–41 (Gold Medal Produce); *id.* at 42–50 (Rubin Bros. Produce); *id.* at 51–61 (A.J. Trucco); *id.* at 62–78

(Leeloi Industries); *id.* at 79–122 (Best Tropical Island).  Because it appears as though the transactions at issue involved produce that was sent from Plaintiffs' places of business in New York to KNJ's place of business in New Jersey—and, indeed, because Plaintiffs allege that they sold and delivered the goods to KNJ "in interstate commerce," Am. Compl. ¶ 12 (Gold Medal Produce); *id.* ¶ 32 (Rubin Bros. Produce); *id.* ¶ 52 (A.J. Trucco); *id.* ¶ 72 (Leeloi Industries); *id.* ¶ 92 (Best Tropical Island)—the third element is satisfied.  Fourth, Plaintiffs allege that KNJ "failed and refused to pay for the commodities despite repeated demands," thereby satisfying the fourth element.  Am. Compl. ¶ 15 (Gold Medal Produce); *id.* ¶ 35 (Rubin Bros. Produce); *id.* ¶ 55 (A.J. Trucco); *id.* ¶ 75 (Leeloi Industries); *id.* ¶ 95 (Best Tropical Island).  Fifth, and finally, Plaintiffs preserved their trust rights by giving written notice to KNJ by "including the necessary language on the face of [their] invoices."  *A & J Produce Corp.*, 2017 WL 3668995, at *3; *see* Am. Compl. ¶ 16 (Gold Medal Produce); *id.* ¶ 36 (Rubin Bros. Produce); *id.* ¶ 56 (A.J. Trucco); *id.* ¶ 76 (Leeloi Industries); *id.* ¶ 96 (Best Tropical Island); *see also* Dkt. No. 30-2 at 2–41 (Gold Medal Produce); *id.* at 42–50 (Rubin Bros. Produce); *id.* at 51–61 (A.J. Trucco); *id.* at 62–78 (Leeloi Industries); *id.* at 79–122 (Best Tropical Island).

Having determined that the Amended Complaint establishes KNJ's liability under PACA, the Court next considers whether Defendant Byung Soo Kang is jointly and severally liable.  "An individual who is in a position to control the assets of the PACA trust and fails to preserve them, may be held personally liable to the trust beneficiaries for breach of fiduciary duty."  *Coosemans Specialties*, 485 F.3d at 705.  The Amended Complaint alleges that Kang was "an officer, director, and shareholder of the corporate defendant, KNJ, in charge of writing checks to pay the accounts payable of the corporate defendant," and that he "elected not to pay" Plaintiffs.  Am.

7

Compl. ¶¶ 152–53; 157–58; 162–63; 167–68; 172–73.  Accepting these allegations as true, which the Court must do on a motion for default judgment, the Court concludes that Kang had control over the PACA trust's assets and can be held jointly and severally liable.  *See Higueral Produce*, 2019 WL 5694079, at *6 ; *A & J Produce Corp.*, 2017 WL 3668995, at *3.  Having so concluded, it need not address Plaintiffs' alternative claims against Kang.

### B.  Damages

"Once liability is established, the sole remaining issue before the court is whether the plaintiff has provided adequate support for the relief it seeks."  *Bleecker v. Zetian Sys., Inc.*, No. 12-cv-2151 (DLC) (SN), 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)).  "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true.  The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citation omitted).  "Establishing the appropriate amount of damages involves two steps: (1) 'determining the proper rule for calculating damages on . . . a claim'; and (2) 'assessing plaintiff's evidence supporting the damages to be determined under this rule.'"  *Begum v. Ariba Disc., Inc.*, No. 12-cv-6620 (DLC) (KNF), 2015 WL 223780, at *4 (S.D.N.Y. Jan. 16, 2015) (alteration in original) (quoting *Credit Lyonnais*, 183 F.3d at 155).

To determine the amount of damages, the Court may conduct a hearing, but doing so is not necessary "as long as [the Court] ensure[s] that there [i]s a basis for the damages specified in the default judgment."  *Transatlantic Marine*, 109 F.3d at 111 (quoting *Fustok v.*

8

*ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)); *see also Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) (stating that a district judge may, but is not required to, conduct a hearing on the matter of damages).

Plaintiffs seek $94,773.10 in combined damages and $590 in costs, for a total of $95,363.10.[3] *See* Dkt. No. 30-4. Specifically, Gold Medal Produce seeks $56,365.10; Rubin Bros. Produce seeks $8,606.50; A.J. Trucco seeks $11,071.00; Leeloi Industries seeks $18,605.00; and Best Tropical Island seeks $25,945.50. *See* Dkt. No. 30 at 1–2. "Under PACA, a dealer who fails or refuses to make full payment for commodities or fails to maintain the trust as required is liable to the injured party for the full amount of damages sustained." *Higueral Produce, Inc.*, 2019 WL 5694079, at *9 (citing 7 U.S.C. §§ 499b(4) & 499e(a)). Furthermore, while "PACA does not require an award of . . . costs, [it] does permit the court to enforce the parties' contractual agreement by granting such relief." *G & P Warehouse, Inc.*, 2016 WL 5802747, at *12 (alteration in original).

The Court's calculations of the sums in Plaintiffs' invoices match the principal amounts requested by Plaintiffs in their default judgment motion with respect to Plaintiffs Rubin Bros. Produce, A.J. Trucco, and Leeloi Industries. *See* Dkt. No. 30 at 1–2; *see also* Dkt. No. 30-2 at 42–50 (Rubin Bros. Produce); *id.* at 51–61 (A.J. Trucco); *id.* at 62–78 (Leeloi Industries). However, with respect to the principal amounts requested by Plaintiffs Gold Medal Produce and Best Tropical Island, Plaintiffs have failed to explain why these Plaintiffs are entitled to the sums in their invoices, as well as the full amounts of returned checks included with these invoices. *See*

---

[3] The Court notes that though Plaintiffs also sought interest and attorney's fees in their Amended Complaint, *see* Am. Compl. Counts XVI–XX, they do not seek interest or attorney's fees in their default judgment motion, *see* Dkt. No. 30-4.

Dkt. No. 30-2 at 2–41 (Gold Medal Produce); *id.* at 79–122 (Best Tropical Island). Thus, the Court cannot now award Plaintiffs damages because it is unable to ensure that "there [i]s a basis for the damages specified in the default judgment" with respect to these Plaintiffs. *See Transatlantic Marine*, 109 F.3d at 111 (quoting *Fustok*, 873 F.2d at 40). Accordingly, the Court RESERVES JUDGMENT as to the amount of damages. Within 14 days of the date of this Opinion and Order, Plaintiffs shall submit any additional evidence supporting the damages they seek with respect to Plaintiffs Gold Medal Produce and Best Tropical Island.

### III. CONCLUSION

For the reasons articulated above, Plaintiffs' motion for default judgment is GRANTED in part, and the Court enters judgment as to Defendants' liability. The Court RESERVES JUDGMENT as to damages. Within 14 days of the date of this Opinion and Order, Plaintiffs shall submit any additional evidence supporting the damages they seek with respect to Plaintiffs Gold Medal Produce and Best Tropical Island.

This resolves Dkt. No. 23.

The Clerk of Court is directed to mail this Opinion and Order to the pro se Defendant.

SO ORDERED.

Dated: May 27, 2020
      New York, New York

_____
ALISON J. NATHAN
United States District Judge