```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

Gold Medal Produce, Inc., et al.,

                Plaintiffs,

      –v–

KNJ Trading Inc., et al.,

                Defendants.

19-cv-3023 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    On July 15, 2019, Plaintiffs Gold Medal Produce, Inc., Rubin Bros. Produce Corp., A.J. Trucco, Inc., Leeloi Industries, Inc., and Best Tropical Island, Inc. filed a motion for default judgment against Defendants KNJ Trading Inc. and Byung Soo Kang. *See* Dkt. No. 23. This Court subsequently granted Plaintiffs' motion in part, entered judgment as to Defendants' liability, and reserved Judgment as to the amount of damages. Dkt. No. 31. The Court now GRANTS Plaintiffs' motion for default judgment and calculates damages. As detailed below, the Court reserves entering judgment so that Plaintiffs' counsel may clarify its request for $94,773.10 in combined liquidated damages on or before October 20, 2021.

    **I.    BACKGROUND**

    The Court previously concluded that three of the Plaintiffs' invoices matched the principal amounts requested by those Plaintiffs. *See* Dkt. No. 30 at 1–2; *see also* Dkt. No. 30-2 at 42–50 (Rubin Bros. Produce); *id.* at 51–61 (A.J. Trucco); *id.* at 62–78 (Leeloi Industries). However, Plaintiffs Gold Medal Produce and Best Tropical Island failed to explain why they

were entitled to the sums in their invoices, as well as the full amounts of returned checks included with these invoices. *See* Dkt. No. 30-2 at 2–41 (Gold Medal Produce); *id.* at 79–122 (Best Tropical Island). Accordingly, the Court reserved judgment with respect to damages. Plaintiffs Gold Medal Produce and Best Tropical Island subsequently filed affidavits supporting their request for damages. *See* Dkt. Nos. 34–35.

## II. DISCUSSION

"Once liability is established, the sole remaining issue before the court is whether the plaintiff has provided adequate support for the relief it seeks." *Bleecker v. Zetian Sys., Inc.*, No. 12-cv-2151 (DLC) (SN), 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citation omitted). "Establishing the appropriate amount of damages involves two steps: (1) 'determining the proper rule for calculating damages on . . . a claim'; and (2) 'assessing plaintiff's evidence supporting the damages to be determined under this rule.'" *Begum v. Ariba Disc., Inc.*, No. 12-cv-6620 (DLC) (KNF), 2015 WL 223780, at *4 (S.D.N.Y. Jan. 16, 2015) (alteration in original) (quoting *Credit Lyonnais*, 183 F.3d at 155).

To determine the amount of damages, the Court may conduct a hearing, but doing so is not necessary "as long as [the Court] ensure[s] that there [i]s a basis for the damages specified in the default judgment." *Transatlantic Marine*, 109 F.3d at 111 (quoting *Fustok v.*

*ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)); *see also Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) (stating that a district judge may, but is not required to, conduct a hearing on the matter of damages).

As outlined in this Court's prior opinion, Plaintiffs seek $94,773.10 in combined liquidated damages and $590 in costs, for a total of $95,363.10.[1] *See* Dkt. No. 30-4.  "Under PACA, a dealer who fails or refuses to make full payment for commodities or fails to maintain the trust as required is liable to the injured party for the full amount of damages sustained." *Higueral Produce, Inc.*, 2019 WL 5694079, at *9 (citing 7 U.S.C. §§ 499b(4) & 499e(a)). Furthermore, while "PACA does not require an award of . . . costs, [it] does permit the court to enforce the parties' contractual agreement by granting such relief."  *G & P Warehouse, Inc.*, 2016 WL 5802747, at *12 (alteration in original).

Plaintiffs Gold Medal Produce and Best Tropical Island submitted affidavits in support of their claimed damages, which are $56,365.10 and $25,945.50 respectively.  *See* Dkt. Nos. 34–35.[2]  Gold Medal Produce's supplemental affidavit included an invoice that corresponds with the bounced checks included in its original submission.  *See* Dkt. No. 34-1 at 2.  The Court's calculation of the sums in Gold Medal Produce's invoices matches the principal amount requested.  Accordingly, the Court grants Gold Medal Produce $56,365.10 in damages.

Best Tropical Island also submitted an affidavit in further support of its claimed damages. *See* Dkt. No. 35.  That affidavit included an invoice for $749.00 that was omitted from Best

---

[1] The Court notes that though Plaintiffs also sought interest and attorney's fees in their Amended Complaint, *see* Am. Compl. Counts XVI–XX, they do not seek interest or attorney's fees in their default judgment motion, *see* Dkt. No. 30-4.

[2] Gold Medal Produce's supplemental affidavit seeks $56,366.10, which the Court assumes is a scrivener's error. *See* Dkt. No. 34 at 2; *see also* Dkt. No. 10 ¶ 155 (seeking $56,365.10 in damages as to Gold Medal).

Tropical's original submission. Best Tropical did not provide any additional support, however, for the proposition that it is owed $1,019.50 from a bounced check. *See* Dkt. No. 35 at 2; *see also* Dkt. No. 30-2 at 80 (bounced check from KNJ Trading to Best Tropical). Without a corresponding invoice, the bounced check simply demonstrates that KNJ Trading attempted to make a payment. There is no basis for the Court to conclude which of the individual invoices the bounced check corresponds to. Moreover, the Court calculates that the individual invoices submitted total $24,926.00, which matches the summary invoice included in Best Tropical's original submission. *See* Dkt. No. 30-2 at 81. The Court thus concludes that there is a basis for $24,926.00 of damages. *See Transatlantic Marine*, 109 F.3d at 111.

Finally, Plaintiffs seek to recover $590 in costs. Plaintiffs can recover $400 for the court filing fee. *See Feltzin v. Union Mall LLC,* 393 F. Supp. 3d 204, 219 (E.D.N.Y. 2019) ("Filing fees are recoverable without supporting documentation if verified by the docket."). Plaintiffs are not entitled to their claimed service of process fees. *Id.* ("Process server fees are also recoverable but must be supported by documentation."). Plaintiffs' invoices on the docket do not list any costs. *See, e.g.*, Dkt. No. 11 at 2 (listing $0.00 in fees). Plaintiffs submitted one service of process invoice for $40, but that invoice was for a different case. *See* Dkt. No. 30-3 (listing $40 for Civil Action No. 19-cv-2273). Plaintiffs also claim $120.00 for a "Clerk's Fee" and $20.00 for a "Statutory Fee." But Plaintiffs did not file any supporting documentation for these costs and the Court finds no support on the docket. *See I.L.G.W.U. Nat'l. Ret. Fund v. ESI Group, Inc.*, 92 CIV. 0597 (PKL), 2003 WL 135797, at *4 (S.D.N.Y. Jan. 17, 2003) (explaining that a plaintiff's failure to submit bills or receipts can be "fatal" in his attempt to recover costs); *New York State Teamsters Council Health and Hosp. Fund v. Est. of DePerno*, 856 F. Supp. 725, 727

4

(N.D.N.Y. 1994) (noting that a court is "entitled to completely deny" costs absent "bills or invoices to show that they were actually incurred"). Plaintiffs are therefore entitled to recover $400 in costs.

In sum, the Court calculates $400 in costs and the following liquidated damages: $8,606.50 as to Rubin Bros. Produce; A.J. Trucco seeks $11,071.00 as to A.J. Trucco; Leeloi Industries seeks $18,605.00 as to Leeloi Industries; $56,365.10 as to Gold Medal Produce; and $24,926.00 as to Best Tropical Island. This totals $119,973.60 in damages. However, Plaintiffs' counsel repeatedly requests $94,773.10 in liquidated damages. *See* Dkt. No. 23, 30. Accordingly, Plaintiffs' counsel is ORDERED to file a letter on or before October 20, 2021, explaining its request for $94,773.10. Counsel should note that the Court is not granting leave to file additional supporting documentation for damages and the Court will not reconsider the above calculations. If Plaintiffs' counsel fails to submit a letter by this date, the Court will enter a judgment awarding $94,773.10 in liquidated damages (and $400 in costs) as requested.

I.  CONCLUSION

For the reasons articulated above, Plaintiffs' motion for default judgment is GRANTED. The Court reserves entering judgment to allow Plaintiffs' counsel an opportunity to provide explanation for its damages request.

The Clerk of Court is respectfully directed to mail a copy of this Order to the individual pro se Defendant Byung Soo Kang and to note that mailing on the docket.

SO ORDERED.

Dated: October 5, 2020
       New York, New York

_____
ALISON J. NATHAN
United States District Judge